IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAMILTON BROWN,  )  | CIVIL NO. 15-00293 SOM/BMK |
| ) | |
|     Plaintiff,  ) | ORDER DISMISSING COMPLAINT; |
| ) | ORDER DENYING AS MOOT |
|   vs.  ) | APPLICATION TO PROCEED IN |
| ) | FORMA PAUPERIS |
| HONORABLE ROBERT LUTTI, 814  ) | |
| City County Building,  ) | |
| Pittsburgh, PA 15219;  ) | |
| DEPARTMENT OF COURT RECORDS,  ) | |
| ALLEGHENY COUNTY; JEREMY  ) | |
| KOBESKI; PHELAN HALLINAN  ) | |
| DIAMOND & JONES; PENNYMAC  ) | |
| MORTGAE INVESTMENT TRUST;  ) | |
| MICHAEL TRAINOR; BLANK ROME  ) | |
| LLP; ALLEGHENY COUNTY COURT  ) | |
| OF COMMON PLEAS; DISCIPLINARY ) | |
| BOARD OF THE STATE OF  ) | |
| PENNSYLVANIA SUPREME COURT  ) | |
| ) | |
|     Defendants.  ) | |
| _____ ) | |

**ORDER DISMISSING COMPLAINT; ORDER DENYING
AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS**

**I.      INTRODUCTION.**

On August 3, 2015, Plaintiff Hamilton Brown filed the Complaint in this matter as well as an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"). See ECF Nos. 1 and 2. Pursuant to 28 U.S.C. §§ 1915(e)(2), this court has screened the Complaint and determined that it fails to state a claim on which relief may be granted. Accordingly, the court dismisses the Complaint, and denies the IFP Application as moot.

## II.   FACTUAL BACKGROUND.

Brown has filed the identical complaint in at least seven other jurisdictions. See Civ. No. 15-01660-GPG (D. Colo. Aug. 4, 2015); Civ. No. 15-22903-FAM (S.D. Fla. Aug. 4, 2015); Civ. No. 3:15-00217-KGB (E.D. Ark. Aug. 3, 2015); Civ. No. 15-01180-AVC (D. Conn. Aug. 3, 2015); Civ. No. 6:15-01289-PGB-DAB (M.D. Fla. Aug. 3, 2015); Civ. No. 4:15-00139-HLM (N.D. Ga. Aug. 3, 2015); Civ. No. 5:15-00844-M (W.D. Okla. Aug. 3, 2015).

The facts underlying the Complaint are unclear and do not meet the required standard, which requires that "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.  The complaint must "state a

claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677.

This case appears to arise out of a Pennsylvania state-court foreclosure action. Brown names as defendants (1) the Honorable Robert Lutti; (2) Department of Court Records, Allegheny County; (3) Jeremy Kobeski; (4) Phelan Hallinan Diamond & Jones; (5) Pennymac Mortgae Investment Trust; (6) Michael Trainor; (7) Blank Rome Llp; (8) Allegheny County Court of Common Pleas; and (9) Disciplinary Board of the State of Pennsylvania Supreme Court. Brown alleges that Pennymac has continued to litigate against him even though he "won a case" against Citifinancial, the assignee of Pennymac. See Complaint ¶¶ 1-2. According to Brown, he sent Pennymac two payments totaling $1,500, which also made the Pennymac litigation moot. See id. ¶ 3. Brown alleges that Judge Lutti entered a judgment against him even though Pennymac's documents were not filed with the Department of Court Records. Id.

Brown says he entered into a modification with "Defendant's," but does not specifically identify which Defendant. See id. ¶ 4. The court presumes that Brown is referring to Pennymac.

Brown says that "Defendant's" "contracted a black bag firm to harass" him. Id. ¶ 5.

Brown alleges that Kobeski and the Department of Court records conspired against him to put into the court record illegible scans.

Brown alleges that all of these things happened to him because he is an American Indian. See id. ¶¶ 1-7.

Brown asserts violations of 42 U.S.C. §§ 1983 and 1985, and of the Sioux Treaty of Fort Laramie, 15 Stat. 635.

**III.     STANDARD.**

To proceed in forma pauperis, Brown must demonstrate that he is unable to prepay the court fees, and that he sufficiently pleads claims. See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

The court therefore screens his Complaint to see whether it is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

**IV.     ANALYSIS.**

At the outset, this court notes that Brown may want to consider whether this district is the proper venue for his claims and whether the court has personal jurisdiction over the Defendants with respect to the claims, which appear to involve

conduct by Pennsylvania citizens in Pennsylvania.  This court is not, however, dismissing the Complaint on the basis of venue or lack of personal jurisdiction, which are typically the subject of affirmative defenses.  Instead, concluding that Brown fails to state a claim on which relief may be granted, this court dismisses his Complaint on that basis.

Brown's factual allegations are not clear or complete enough to allow the court to conclude that it asserts any potentially viable violation of his rights under 42 U.S.C. §§ 1983 and 1985 or the Sioux Treaty of Fort Laramie, 15 Stat. 635.  With respect to many of the Defendants, the Complaint fails to identify which Defendant did what or why some Defendants are named as Defendants at all.  To the extent the Complaint identifies specific actions by particular Defendants, it is not sufficiently clear how those actions violated 42 U.S.C. §§ 1983 and 1985 or the Sioux Treaty of Fort Laramie, 15 Stat. 635.

At best, it appears that Brown is unhappy with Judge Lutti's rulings in a case, but Brown does not allege facts demonstrating that Judge Lutti would not have judicial immunity from those claims.  To the extent Brown is unsatisfied with quality of the copies of documents in the record in that case, it is not clear what actionable right is being asserted.  Nor is it clear why Brown believes actions were taken against him because of his American Indian status.  Brown's other factual allegations

5

are similarly so thin that this court cannot decipher what claim he may be making or why Brown's rights under 42 U.S.C. §§ 1983 and 1985 or the Sioux Treaty of Fort Laramie have been violated.

Accordingly, the court dismisses the Complaint and denies the IFP Application as moot.

V.      CONCLUSION.

Brown's Complaint is dismissed, and the IFP Application is denied as moot. The court grants Brown leave to file an Amended Complaint that cures the deficiencies noted in this order no later than August 25, 2015. Brown may submit another IFP Application at that time.

Failure to file an Amended Complaint by August 25, 2015, as well as to pay the applicable filing fee or submit a new IFP Application, will result in the automatic dismissal of this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 5, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Brown v. Lutti, et al., Civ. No. 15-00293 SOM/BMK; ORDER DISMISSING COMPLAINT; ORDER DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS